■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v FELICIA ROLON et al., Respondents. GEICO GENERAL INSURANCE COMPANY, Proposed Additional Respondent-Respondent, et al., Proposed Additional Respondents. [992 NYS2d 411]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 15, 2013, which denied the petition for a stay of arbitration or, in the alternative, for a framed-issue hearing and to join proposed additional respondents and proposed additional respondent-respondent as parties, unanimously reversed, on the law, with costs, proposed additional respondents GEICO, Cecere and LaFontaine joined as parties, the petition granted, and the arbitration permanently stayed.

Petitioner seeks a stay of arbitration of respondents Rolon and Peralta's claim for uninsured motorist insurance coverage in connection with an accident involving a vehicle owned and operated by Rolon and carrying Peralta as a passenger and, inter alia, a vehicle owned by additional proposed respondent Cecere and operated by additional proposed respondent LaFontaine, or a framed-issue hearing and joinder of the proposed additional respondents. Petitioner established prima facie that Cecere's vehicle was insured by additional proposed respondent GEICO by submitting the police accident report, which shows the vehicles' insurance code designations, and GEICO does not dispute that it insured Cecere's vehicle. GEICO's opposition to the petition, based on its denial of coverage to LaFontaine on the ground that he had been operating the vehicle without Cecere's permission (see Vehicle and Traffic Law § 388 [1]), was insufficient because GEICO failed to come forward with any admissible supporting evidence, such as an affidavit by Cecere (GEICO's insured) or a police report of the vehicle's theft. Accordingly, since GEICO failed to raise any issue of fact as to whether LaFontaine's operation of the vehicle was permissive, and thus covered by Cecere's GEICO policy, the petition should have been granted. Since this determination affects the rights of GEICO, Cecere and LaFontaine, we join them as respondents to this proceeding. Concur—Friedman, J.P., Acosta, Saxe, Gische and Kapnick, JJ.